James Edward **BENT**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 87–1090.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 14, 1987.

Decided Dec. 15, 1987.

Opinion on Denial of Rehearing Feb. 26, 1988.

---

**68**

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Bruce R. Ellisen, Tax Div., Dept. of Justice, Washington, D.C., for appellant.

James E. Bent, appellee pro se.

Before HIGGINBOTHAM, SLOVITER and MARIS, Circuit Judges.

### OPINION OF THE COURT

MARIS, Circuit Judge.

This appeal presents us with the question whether an amount received in settlement of the claim of James Edward Bent, the petitioner in the Tax Court and herein referred to as the taxpayer, for damages for violation of his rights under the First Amendment to freedom of speech is deductible from his taxable income under section 104(a)(2) of the Internal Revenue Code of 1954. The Tax Court in a well-reasoned opinion by Judge Chabot, 87 T.C. 236 (1986), held that the sum in question was so deductible. The Commissioner of Internal Revenue, herein referred to as the Commissioner, has appealed. Finding ourselves in accord with the reasoning and conclusions of Judge Chabot, we will affirm his decision.

The facts are recited in detail in Judge Chabot's opinion and we need only summarize them briefly. The taxpayer had been hired by a school district in Delaware as a high school teacher beginning in September 1970 and for his first two years performed his duties to the apparent satisfaction of his superiors. With the coming of new administrators to the district in 1972, however, the taxpayer had misgivings as to the security of his teaching position and requested an evaluation. He was given two successive evaluations in the second of which it was stated that he "displays unprofessional behavior by consistently downgrading the school, the staff and the administration," and it was suggested that he should not be recommended for reemployment because "he does not exhibit the degree of professionalism expected of a professional educator ..." In an out-of-school meeting the taxpayer was directly critical of a computer education program instituted by one of the new school administrators who was in attendance at the meeting and who was offended by these and other remarks by the taxpayer. His current employment contract expired on June 30, 1973, and was not renewed. The taxpayer then requested a hearing. The school board refused this request although offering later to hold one. No hearing, however, was ever held.

In September 1973, the taxpayer sued the school board, its members and its secretary in the Court of Chancery of Delaware. In his complaint in that suit the taxpayer charged the defendants (a) with having breached the collective bargaining agreement under which he was employed, (b) with denial of the constitutional right to procedural due process in refusing to grant him a prompt hearing, (c) with denial of his constitutional right to substantive due process and free speech, (d) with imposing a stigma upon him which had foreclosed his opportunity to obtain other employment in education in violation of the Constitution, and (e) with depriving him of property without due process of law in that he had an objective expectancy of reemployment and a consequent constitutional right to a hearing before being nonrenewed. The taxpayer asked the court to reinstate him, require the defendants to tender him a contract of employment for the balance of the 1973–1974 school year and award him incidental damages, attorney fees, interest and costs.

After a trial in the Court of Chancery on the issue of liability, a decision was rendered on December 11, 1975. The court concluded that the taxpayer was "entitled to relief as a result of having been denied reemployment by the defendant Board of Education for reasons which, in part, abridged his First Amendment right to express his views as to the public employer and school administrators for whom he worked—regardless of his obvious lack of tact in so doing." Although the taxpayer sought reinstatement as well as monetary

damages, the court was not prepared to conclude that reinstatement was automatically required by the above finding. The court further held that the taxpayer did not acquire a property interest sufficient to require the school authorities to give him a hearing when they declined to renew his contract. In addition, the court explained that mere proof of his record of nonretention in one job did not amount to the kind of foreclosure of opportunities which would constitute a deprivation of liberty. The Chancery Court continued the case on the issue of the amount of money damages. However, after an extended period of negotiations and before any hearing on damages was held, the parties settled the case by a payment by the defendants' insurance carrier to the taxpayer of $24,000, computed in part by the inclusion of lost wages as suggested by the taxpayer, and the complaint was then dismissed with prejudice. It thus appears that the taxpayer's claims for violation of property and contract rights were rejected by the court and the award of damages, fixed by agreement of the parties at $24,000, was based solely on the violation of the taxpayer's constitutional right of free speech.

In the taxpayer's 1977 income tax return, he did not report as income the $24,000 thus received. The Commissioner subsequently determined that this amount was taxable and that there was, accordingly, a deficiency in the taxpayer's federal income tax for 1977 of $5,402.38. To review this action, the taxpayer filed his petition with the Tax Court. That court decided that the settlement amount was excludable from taxable income as damages received for personal injuries within the meaning of section 104(a)(2) of the Internal Revenue Code of 1954 in effect in 1977. A subordinate issue, not involved in the present appeal, related to the taxpayer's right to deduct from taxable income the sum of $8,000 paid out of the $24,000 for counsel fees. The Tax Court held that, since the award of $24,000 was not includable in taxable income, the expenses of securing that amount, the counsel fees, were not deductible. The present appeal by the Commissioner followed. Thus, we are presented with the question whether the sum received by the taxpayer in settlement of his claim for damages for violation of his First Amendment right of free speech is taxable as income under the Internal Revenue Code of 1954 which was in force in 1977.

It is true that section 61(a) of the Internal Revenue Code of 1954 provides that, except as otherwise provided in the Code, gross income includes "all income from whatever source derived." The taxpayer, however, relies on section 104(a)(2) of the Code which provides that, with exceptions not here relevant, "gross income does not include ... (2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness ..." The Treasury Regulations on Income Tax provide in section 1.104–1(c) (26 CFR § 1.104–1(c)) that "The term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."

The Delaware Chancery Court concluded that the taxpayer had been denied reemployment for reasons which "abridged his First Amendment right to express his views as to the public employer and school administrators for whom he worked." This was a tort type right enforceable under 42 U.S.C. § 1983. *See Carey v. Piphus,* 435 U.S. 247, 253, 98 S.Ct. 1042, 1046–47, 55 L.Ed.2d 252 (1978). The court rejected all the petitioner's other claims. The Tax Court concluded that "the settlement payment was made on the basis of the Chancery Court's decision that ... [the taxpayer's] First Amendment right to freedom of speech had been abridged in violation of [42 U.S.C.] § 1983." The Tax Court also concluded that the settlement payment was an amount received based upon "tort type rights." The Commissioner does not challenge either of these conclusions. (Appellant's Brief, p. 16). What he urges as error is the conclusion of the Tax Court that the damages the taxpayer received were "on account of personal injuries."

It is true, of course, that the injuries which the taxpayer suffered did not involve

physical trauma or suffering. But as the Tax Court pointed out in *Church v. Commissioner*, 80 T.C. 1104 (1983), "Damages received on account of personal injuries or sickness are not limited to physical trauma but include mental pain and suffering." 80 T.C. at 1106. The court concluded:

> In summary, we find the award herein was intended to compensate petitioner for the mental pain and suffering he experienced as the result of the malicious publication of a newspaper editorial labeling him a "communist." Even the money award cannot erase the stigma petitioner must carry for the rest of his life. We hold the entire $250,000 compensatory damages is exempt from income since it was received on account of personal injury within the meaning of section 104(a)(2). [Footnotes omitted.]

80 T.C. at 1110.

In *Roemer v. C.I.R.*, 716 F.2d 693 (9th Cir.1983), the Court of Appeals for the Ninth Circuit said:

> The relevant distinction that should be made is between personal and nonpersonal injuries, not between physical and nonphysical injuries. I.R.C. § 104(a)(2) states that damages received on account of *personal* injuries are excludable; it says nothing about physical injuries. "[T]he words of statutes—including revenue acts—should be interpreted where possible in their ordinary everyday senses." *Crane v. Commissioner*, 331 U.S. 1, 6, 67 S.Ct. 1047, 1051, 91 L.Ed. 1301 (1947). The ordinary meaning of a personal injury is not limited to a physical one. Indeed, the Service has long said that certain nonphysical injuries are personal injuries and that all damages received for nonphysical personal injuries are excludable from gross income. Sol.Op. 132, 1—1 C.B. 92 (1922) (damages for alienation of affections, defamation of personal character, and surrender of child custody rights are damages for invasion of personal rights and not income).

716 F.2d at 697. We are in accord with the views thus expressed. And *see Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 2540, 91 L.Ed.2d 249 (1986), in which the Court stated that mental anguish and emotional distress are "standard elements of compensatory damages" under § 1983.

The Commissioner urges that, nonetheless, since the settlement admittedly included a sum based on the taxpayer's lost wages, that sum represented compensation for lost wages which was not excludable from gross income under section 104(a)(2). We do not agree. For an award of damages for the violation of a constitutional right may be measured in whole or in part by the amount of lost wages. This is possible where, as here, the injury being compensated for is solely the violation of the taxpayer's First Amendment right of free speech, his direct contract claim for lost wages having been decided against him by the court. The amount of his lost wages may be. used in computing the amount of damages awarded for the constitutional violation even though an award based directly on the claim of lost wages has been rejected by the court. As was stated by the court in *Roemer v. C.I.R.*, 716 F.2d 693, 699 (9th Cir.1983):

> The nonpersonal consequences of a personal injury, such as a loss of future income, are often the most persuasive means of proving the extent of the injury that was suffered. The personal nature of an injury should not be defined by its effect.

We hold that the Tax Court did not err in deciding that the whole of the damages received by the taxpayer was compensation for personal injuries and, as such, excludable from gross income under section 104(a)(2) of the Internal Revenue Code of 1954.

The decision of the Tax Court will be affirmed.

## ON PETITION FOR REHEARING

MARIS, *Circuit Judge*.

The appellant has petitioned for rehearing urging that there was no personal injury in this case since there was no pain and suffering shown but merely the economic injury resulting from the tort. Thus, they argue, the suit was in reality one for lost wages, not for personal injuries. We do not agree. The denial of a civil right, such as

the right of free speech, involves a personal injury just as much as a physical assault. While the injury is not physical, it may well involve mental or psychic pain and suffering. Just as in the case of the pain and suffering resulting from a physical injury, the injury to the individual from mental pain and suffering can only be estimated in money. But it is, nonetheless, compensable and the courts estimate it as best they can. Moreover, any economic injury proximately resulting, such as loss of wages in this instance, may be compensated for in an award of damages for the personal injuries involved in the denial of the civil right. The parties in their agreed settlement of damages in this instance did not choose to allow for the mental stress but based their award on the lost wages of the appellee and his attorney's fee which proximately resulted from the denial of his right of free speech. This was entirely appropriate.

The petition for rehearing will be denied.