ROBERT T. SLAVIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Slavin v. Commissioner
Docket No. 4435-89
United States Tax Court
T.C. Memo 1990-231; 1990 Tax Ct. Memo LEXIS 265; 59 T.C.M. (CCH) 544; T.C.M. (RIA) 90231; May 10, 1990, Filed Robert T. Slavin, pro se. Mark D. Petersen, for the respondent. COHEN, Judge. COHEN
*774 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 29,223 in petitioner's Federal income taxes for 1984. After concessions by petitioner, the sole issue for decision is whether a payment of $ 94,367 received by *266 petitioner from his former employer is excludable from taxable income under section 104(a)(2). Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue. FINDINGS OF FACT Petitioner was a resident of Wisconsin at the time he filed his petition. During the 1979-1980 school year, petitioner was a tenured fourth grade teacher for the Kane County (Illinois) School District No. 131. On March 19, 1980, the Board of Education of District No. 131, Aurora, Illinois, authorized the dismissal of petitioner from his employment with Kane County. Petitioner appealed his dismissal, and his case was argued before a hearing officer of the Illinois State Board of Education. Petitioner's action was brought under Chapter 122, Section 24-12, of the Illinois School Code, which provides that tenured teachers in Illinois have the right to a due process hearing before an impartial hearing officer and the right to appeal to the Illinois courts through the Administrative Review Act. His action sought reinstatement and back pay, the only remedies allowed by the Illinois School Code. The action did not seek tort-type damages *267 and asserted only petitioner's economic and contractual rights. Petitioner claimed that his summary suspension was unlawful because he was not given notice to remedy and the board concluded that his conduct was irremediable. The Board of Education hearing officer decided:
1. The dismissal of Robert Slavin on or about March 19, 1980, was not proper because he had not been served with a prior written warning stating specifically the causes which, if not removed, may result in charges. 2. Mr. Slavin shall be restored to a position the same as or substantially similar to the one held by him prior to his dismissal. 3. Mr. Slavin shall be made whole for all monies and other employment benefits lost as a result of the said dismissal.
The board then sought administrative review before the Circuit Court for the Illinois 16th Judicial Circuit (trial court). The trial court reversed the reinstatement order of the hearing officer. Petitioner appealed to the Appellate Court of Illinois, Second District, which found that petitioner's dismissal was improper and reversed the trial court's decision. Petitioner was ordered to be reinstated in accordance with the ruling of *268 the administrative hearing officer. Board of Education of School District No. 131, Kane County, Illinois v. Illinois State Board of Education and Robert Slavin, 112 Ill. App.3d 696, 445 N.E.2d 832 (1983). The Board of Education appealed to the Illinois Supreme Court. The Supreme Court concluded that petitioner's conduct was remediable and that the board erred in dismissing him. They affirmed the decision of the appellate court and ordered petitioner reinstated with back pay. Board of Education of School District No. 131, Kane County v. State Board of Education, 99 Ill.2d 111, 457 N.E.2d 435 (1983). Petitioner was rehired by the Board of Education. In January 1984, after working one day, he opted for early retirement and ended his employment with the school district. On February 23, 1984, the board sent to petitioner's counsel a check in the amount of *775 $ 65,317.53. The check was forwarded to petitioner by his counsel on February 27, 1984, with the following explanation:
Enclosed please find a copy of the Illinois Supreme Court's decision for your records. As you know, the Court found your alleged misconduct to be remediable, *269 and, therefore, found that the Board's failure to issue you a Notice to Remedy deprived them of jurisdiction to discharge you. Accordingly, the Court awarded you reinstatement and backpay. For personal reasons, you decided to resign effective January 17, 1984 and, therefore, I am enclosing a check in the amount of $ 65,317.53 representing the appropriate back pay amounts. The following computations served as a basis for the aforementioned amounts.
School Year
Salary
1979-1980
$ 6,583.50 ($ 23,100.00
minus $ 16,516.50)
1980-1981
$ 24,805.00
1981-1982
$ 26,935.00
1982-1983
$ 27,445.00
1983-1984
$ 13,722.50 (amount agreed
upon between the parties
based upon an annual
salary of $ 27,445.00)
The gross amount due you in backpay when the aforementioned figures were properly added is $ 99,491.00. You collected $ 5,124.00 in unemployment compensation decreasing your gross amount to $ 94,367.00. I am enclosing three additional pages reflecting the deductions made for state and federal taxes and appropriate teachers retirement system contributions. In this regard the School Board deducted 20% of your earnings or $ 18,873.40. *270 The $ 2,486.79 figure reflects the deduction for state taxes and were computed at the rate of 2-1/2% through July 1983, 3-1/2% through December 30, 1983 and 3% for the subsequent time period. The teacher retirement system figure of $ 7959.28 was based on 8% of the $ 99,491.00 gross amount. The Board of Education sent to petitioner a Form W-2 for 1984, reporting wages of $ 94,367 and Federal income tax withheld. Petitioner attached a copy of the Form W-2 to his Federal income tax return for 1984. On the line for reporting wages, he inserted "see attached stmt. [statement]" and the amount "-0-." The attached statement set forth petitioner's contention that:
The amount of the attached wage statement of $ 94,367.00 from the Board of Education School District #131 in Aurora, Ill. was a court settlement amount as determined by the Illinois State Supreme Court docket #58075 - Agenda 41 - in September of 1983. This settlement amount was for damages for personal injury. Damages for personal injury are specifically excluded from income as stated in the Internal Revenue Code section 104(A)(2). Therefore this amount is not included *271 in Robert T. Slavin's 1984 income tax returns.
Respondent determined that $ 94,367 is includable in petitioner's income and made two other adjustments now conceded by petitioner. OPINION Section 61 includes in gross income "all income from whatever source derived" unless otherwise provided. Section 104(a)(2), however, excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort-type rights, or through a settlement agreement entered into in lieu of such prosecution." The determination of whether a litigation settlement payment is exempt from taxation depends on the nature of the claim settled and not on the validity of the claim. Metzger v. Commissioner, 88 T.C. 834, 847 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988); *272 Threlkeld v. Commissioner, 87 T.C. 1294, 1297 (1986), affd. 848 F.2d 81 (6th Cir. 1988); Bent v. Commissioner, 87 T.C. 236, 244 (1986), affd. 835 F.2d 67 (3d Cir. 1987). This determination is a factual one, and petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure.
To determine whether the damages received were paid on account of personal injuries excludable under section 104(a)(2), we must look to the nature of the claim and not to the consequences that result from the injury. Threlkeld v. Commissioner, 87 T.C. at 1299. In the absence of an express personal injury settlement agreement, an important fact for purposes of making the section 104(a)(2) determination is "the intent of the payor" as to the purpose in making the payment. Metzger v. Commissioner, 88 T.C. at 847-848; Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. *776 1965), affg. a Memorandum Opinion of this Court. In this case, petitioner has presented no evidence from which we can conclude that any aspect *273 of his claim or the payment he received was attributable to a personal injury or was in the nature of a tort-type claim. Aside from his conclusory assertion, he has not argued that he suffered physical or nonphysical personal injuries. Compare Kurowski v. Commissioner, T.C. Memo. 1989-149, where the taxpayer claimed but failed to prove that a settlement made by an Illinois school district was in part for personal injuries. To the contrary, the record here is clear that the claims made and the damages awarded were only for back pay to which petitioner was entitled because he was wrongfully dismissed. The attorney who represented petitioner during the proceedings challenging his dismissal categorized the proceedings as affecting economic and contractual rights and not as an action in tort. Petitioner relies on cases in which back wages were found to be the measure of damages for a tortious wrong. See Byrne v. Commissioner, 883 F.2d 211, 214 (3d Cir. 1989), revg. 90 T.C. 1000 (1988) [sex discrimination]; Threlkeld v. Commissioner, supra [defamation]; Bent v. Commissioner, supra [violation *274 of freedom of speech]; and Roemer v. Commissioner, 716 F.2d 693 (9th Cir. 1983), revg. 79 T.C. 398 (1982) [defamation]. See also Rickel v. Commissioner,    F.2d     (3d Cir., Apr. 3, 1990), revg. in part 92 T.C. 510 (1989) [age discrimination]. In those cases, this Court has indicated that an award may include compensation for both personal injuries and nonpersonal contractual claims, with tax consequences to follow accordingly. In this case, there is no evidence that would support an allocation or attribution of the amount received by petitioner to any personal injury. Decision will be entered for the respondent.