T.C. Memo. 1997-98



UNITED STATES TAX COURT



SHERIEL L. SEXCIUS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4087-95.                    Filed February 25, 1997.



Sheriel L. Sexcius, pro se.

Aretha Jones, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, Chief Judge:  Respondent determined a deficiency of
$8,671 in petitioner's Federal income taxes for 1990 and an
addition to tax of $1,746 under section 6651(a)(1).  In the
answer, respondent asserted that petitioner is liable for a
penalty under section 6662(a), either for negligence under

section 6662(c) or for substantial understatement under section 6662(d). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the beginning of trial, petitioner, by her then counsel, conceded that petitioner was not entitled to any deductions from her tutoring activity in excess of the income reported. In her opening brief, petitioner conceded that her return was filed late and offered no explanation; she thus conceded liability for the addition to tax under section 6651(a). Although petitioner attempted to repudiate these concessions in her reply brief, she has shown no reason why we should allow them to be withdrawn. The remaining issues are whether petitioner is entitled to a dependency exemption for her mother, to deductions claimed in relation to her tutoring activity, or to miscellaneous deductions claimed on Schedule A of her Federal income tax return; whether petitioner is liable for a penalty under section 6662(a); and whether we should impose a penalty under section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time that she filed her petition, petitioner resided in Washington, D.C.

Petitioner resided with her mother, Dorothy Carter, in a home titled in her mother's name.  Petitioner's mother received Social Security payments during 1990 and paid the real property taxes on the residence.  Petitioner paid some of the expenses of the home for herself and her mother.

Petitioner has a bachelor of science degree and a master's degree and is certified to teach biology at the senior high school level.  During 1990, she worked full time as a teacher in the District of Columbia public schools.  Since 1979, petitioner has operated a tutoring and counseling activity in the evenings and weekends during the school year and full time during the summer.  Petitioner reported a loss from her tutoring and counseling activity on Schedule C for each of her tax returns for 1979 through 1991.

Petitioner failed to maintain adequate records of her expenses relating to her tutoring and counseling activity.  For 1990, she claimed total expenses of $18,289, resulting in a loss of $13,527.  The claimed expenses included car and truck expenses of $5,938, but petitioner did not keep a record of her business mileage or other records from which business use of her automobile could be determined.  She incurred some expense for supplies, photocopying, and typing, but she failed to keep records to establish the amount of her deductions for those items.  When petitioner was asked to produce substantiation for

her business expenses, she produced copies of canceled checks that included payments for personal expenses, such as a check payable to Victoria's Secret, and payments relating to maintenance of the home she shared with her mother.

This case is the seventh case commenced in this Court by petitioner in which she claimed deductions relating to her tutoring and counseling activity. The prior cases for the years indicated were resolved as follows:

| Year | Disposition |
|------|-------------|
| 1979 | Issue decided in favor of petitioner in a summary opinion filed Oct. 25, 1983 |
| 1984 | Stipulated decision entered (no deficiency) Apr. 25, 1988 |
| 1986 & 1987 | Deductions denied and additions to tax sustained, T.C. Memo. 1991-162, filed Apr. 9, 1991 |
| 1988 | Deductions denied, T.C. Memo. 1993-310, filed July 15, 1993 |
| 1989 | Deductions denied and additions to tax sustained, T.C. Memo. 1996-175, filed Apr. 10, 1996 |
| 1991 | Deductions denied and penalties imposed, including award under sec. 6673, in bench opinion rendered June 28, 1995 |

Petitioner's return for 1990 was filed May 21, 1993. Attached to her return was a letter dated May 10, 1993, which stated, among other things:

Note that the referenced form [Form 1040, December 31, 1990], which sets forth my circumstances and facts, does not take into account the sum of $1,932 reported by the District of Columbia Government on Form 1099-G. The omission is deliberate. The sum in question constitutes court-awarded damages for defamation of character, not self-employment income. The rule is that damages so awarded are not includible in gross income.

The petition in this case was filed March 15, 1995. Although petitioner was advised by earlier opinions of the Court of the lack of merit in her positions with respect to losses from her tutoring activity and of the necessity of producing records to substantiate deductions, she made no attempt to comply with the applicable rules. These proceedings have been instituted or maintained by petitioner primarily for delay.

OPINION

By the time of trial in this case, petitioner had lost four consecutive cases in this Court with respect to her tutoring and counseling activity. In those cases, deductions were denied because she had failed to establish that the activity was conducted with an actual and honest profit objective and because she failed to maintain adequate records of her deductible expenses. In one of those cases, the Court had imposed an award under section 6673 against petitioner because of her persistence in litigating the same issue previously decided against her without any change in facts or applicable law.

At the beginning of trial in this case, faced with respondent's request for another penalty under section 6673, petitioner's then counsel conceded that petitioner was not entitled to deductions in excess of the income received from the tutoring and counseling activity and indicated that petitioner's intention was to substantiate deductions up to the amount of that income. Notwithstanding the experience of six prior cases in the Court, petitioner failed to present adequate records. The documents that were presented established that petitioner was claiming deductions for some personal expenses and failed to establish the business purpose of other expenditures.

Similarly, with respect to her claim that she is entitled to a dependency exemption for her mother, petitioner's proof is totally inadequate. She could not provide the amount of her mother's earnings for 1990 and did not know whether her mother had filed a Federal income tax return for that year claiming an exemption for herself. Petitioner's only evidence with respect to this issue consisted of receipts for expenditures for the house that she shared with her mother. There was some indication that some of these expenses were paid by her mother. Thus, petitioner has not satisfied the requirements of section 151(c)(1), relating to earnings of a dependent, or section 151(d)(2), relating to dependents for whom exemptions are claimed on returns filed by another taxpayer. We cannot conclude on this

record that petitioner provided over one-half of her mother's support, as required by section 152(a). She is not entitled to a dependency exemption in 1990.

Petitioner claimed on Schedule A of her return for 1990 certain allegedly job-related expenses. The largest of those expenses was for legal fees incurred in a lawsuit brought by petitioner. Petitioner acknowledged that she was subsequently reimbursed for these fees. Although petitioner presented copies of checks that she claims represented the attorney's fees that she incurred, she presented neither bills nor corroborating testimony explaining the nature of the litigation, the nature of the services provided, or the status of her right to reimbursement during 1990. If, as suggested by the attachment to her 1990 Form 1040, the litigation related to "damages for defamation of character" that "are not includible in gross income", attorney's fees in securing such damages would not be deductible. Sec. 265(a)(1); Bent v. Commissioner, 87 T.C. 236, 251 (1986), affd. 835 F.2d 67 (3d Cir. 1987). Petitioner has provided neither a factual nor a legal predicate for deduction of the attorney's fees, and no deduction may be allowed.

Petitioner admits that she claimed deductions for personal expenses relating to her home, asserting:

> Petitioner, as head of household with a dependent mother, is allowed to deduct household expenses such as insurance on petitioner's mother's home, repairs on the shed and roof of the house due to decay and leakage as

> well as security service on the home * * * and the
> installation of five new doors for increased security.
> * * *

Petitioner's assertion is contrary to well-established law. Section 262 specifically precludes deductions for personal, living, or family expenses. Section 1.262-1(b), Income Tax Regs., lists examples of disallowed expenses, including the types claimed by petitioner. To the extent that petitioner also claims that the home is "an alternative office", she has not satisfied any of the requirements of section 280A(c).

Petitioner's demonstrated penchant for claiming nondeductible personal expenses as business expenses undermines the reliability of her assertions with respect to supplies and other expenses that normally would be deductible. She asks that the Court estimate such expenses under the doctrine of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). That case suggests that we make an allowance "bearing heavily * * * upon the taxpayer whose inexactitude is of * * * [her] own making." Id. at 544. We conclude that petitioner is entitled to deduct $500 on Schedule C for supplies and services relating to her tutoring and counseling activity. There is no basis for making any estimate of deductions on Schedule A not allowed by respondent.

Our discussion of the lack of evidence substantiating petitioner's right to the deductions that she claimed on her return leads also to the conclusion that petitioner underpaid her

taxes for 1990 due to negligence.  Respondent has the burden of proof on this issue because negligence was first asserted in the answer.  Rule 142(a).  Nonetheless, the evidence compels the conclusion that petitioner failed to maintain books and records to substantiate deductions to which she might have been entitled and that she claimed deductions to which she clearly was not entitled.  The penalty under section 6662(a) will be sustained.

Section 6673(a)(1) provides:

> SEC. 6673(a).  Tax Court Proceedings.--
>
> (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>
>> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>>
>> (B) the taxpayer's position in such proceeding is frivolous or groundless, or
>>
>> (C) the taxpayer unreasonably failed to pursue available administrative remedies,
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Respondent seeks a penalty under section 6673 against petitioner on the ground that petitioner has litigated and lost the same issue, to wit, the deductibility of losses allegedly sustained in her tutoring and counseling activity, repeatedly without a showing of changed facts justifying a different result.  Although petitioner, through her counsel, conceded that she was not

entitled to deduct expenses in excess of income, thereby

conceding the section 183 issue originally involved in this case,

she continued to claim expenses that either were not

substantiated or clearly were personal nondeductible expenses.

She contends that this case is different than her prior cases

because of her concession and because respondent disallowed all

of her deductions in this case and thus made substantiation an

issue for the first time.  In T.C. Memo. 1993-310, however, the

Court explained the difference between the first year that

petitioner litigated here, which she won, and the later years, in

which her manner of conducting the activity demonstrated lack of

profit objective.  In T.C. Memo. 1996-175, moreover, petitioner's

deductions were disallowed for lack of substantiation.  In that

opinion, we stated:

> Petitioner failed to produce at trial any
> substantiating evidence with respect to the deductions
> she claimed on her Schedules A and C.  Given her prior
> experiences in this Court, she was no doubt aware that
> the production of such evidence was expected and
> necessary to support her claimed entitlement to the
> deductions in dispute.  We can only conclude that her
> failure to produce such substantiating evidence results
> from her failure to have maintained adequate books and
> records as required by section 6001 and the
> corresponding regulation.  * * *

To the extent that petitioner is claiming deductions for personal

expenses, her claims are groundless.  Although we found that she

is entitled to some deductions, on the entire record we infer

that petitioner has instituted or maintained this proceeding

primarily for delay.  See <u>Sloan v. Commissioner</u>, 102 T.C. 137, 148-149 (1994), affd. 53 F.3d 799 (7th Cir. 1995).  We award a penalty to the United States in the amount of $3,500.

<u>Decision will be entered under Rule 155</u>.