T.C. Memo. 1997-200


UNITED STATES TAX COURT


JOHN P. AND CAROLYN L. RANEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4039-95.                    Filed May 1, 1997.


John P. and Carolyn L. Raney, pro sese.

<u>Margaret A. Martin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WELLS, <u>Judge</u>:  Respondent determined a deficiency of $27,062 in petitioners' 1991 Federal income tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issue to be decided is whether petitioners are entitled to exclude, pursuant to section 104(a)(2), amounts received in settlement of a class action suit.

FINDINGS OF FACT

Some of the facts have been stipulated for trial pursuant to Rule 91. The parties' stipulations of fact are incorporated herein by reference and are found as facts in the instant case.

At the time they filed their petition in the instant case, petitioners resided in El Dorado Hills, California.

On June 1, 1979, a class action lawsuit, Kraszewski v. State Farm Gen. Ins. Co., was filed against State Farm General Insurance Co., State Farm Mutual Automobile Insurance Co., State Farm Life Insurance Co., and State Farm Fire and Casualty Co. (State Farm) in the U.S. District Court for the Northern District of California.[2] The class representatives alleged that State Farm had engaged in statewide discrimination in California in the recruiting, hiring, and training of women for sales agent trainee positions in violation of title VII of the Civil Rights Act of

---

[1] In the notice of deficiency, respondent determined that, for taxable year 1991, petitioners were liable for self-employment tax in the amount of $5,381 and were entitled to a self-employment tax deduction in the amount of $2,690. Subsequently, the parties conceded that petitioners were not liable for the self-employment tax and that petitioners were not entitled to the self-employment tax deduction.

[2] On Sept. 9, 1981, the District Court for the Northern District of California certified a class in Kraszewski to maintain the action. See Kraszewski v. State Farm Gen. Ins. Co., 27 Fair Empl. Prac. Cas. (BNA) 27 (N.D. Cal. 1981).

1964, 42 U.S.C. sec. 2000e et seq. (title VII).  The representatives sought backpay, as well as injunctive and declaratory relief.

The District Court bifurcated the litigation into a liability and a remedy phase.  On April 29, 1985, the court ruled in the liability phase that State Farm was liable under title VII for classwide discrimination on the basis of gender.  See Kraszewski v. State Farm Gen. Ins. Co., 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal. 1985).  The court found that women who attempted to become trainee agents were "lied to, misinformed, and discouraged in their efforts to attain the entry level sales position."  Id. at 257.  The court then ruled that the class action suit properly included "all female applicants and deterred applicants who, at any time since July 5, 1974, have been, are, or will be denied recruitment, selection and/or hire as trainee agents by defendant companies within the State of California."  Id. at 258.

On July 17, 1986, the court held that individual hearings were appropriate to determine the relief for class members.  The court decided that class members were entitled to show that they were actual victims of discrimination as to any of the vacancies at State Farm which occurred during the period of liability and were filled by men.

On or around January 25, 1975, petitioner Carolyn L. Raney (petitioner) applied to become a State Farm trainee agent but was

not hired.  On August 1, 1989, petitioner executed a Final Claim Form in the class action suit, challenging the February 1, 1976, appointment of Donald B. Buchanan.[3]  Petitioner subsequently became a claimant in the class action suit against State Farm. In November of 1991, petitioner and State Farm entered into a "Settlement Agreement and General Release" (settlement agreement), which provided in relevant part:

> 1.  For and in consideration of the sum of $75,000.00, less all required payroll deductions applicable to the period of Trainee Agency, if any, Carolyn L. Raney * * * does hereby completely release and forever discharge * * * [State Farm] * * * from any claim * * * or liability of any and every kind based on any federal, state, or local law, statute, or regulation (hereinafter "Claim") which arose prior to the execution of this Settlement Agreement and General Release, and which were raised, or could have been raised in the above-captioned case, as well as any and all Claims arising out of or relating to any alleged discriminatory, improper, or unlawful act or omission of State Farm in connection with any term or condition of employment or independent contractor status or the process of securing or attempting to secure employee or independent contractor status including, without limitation, recruitment, selection, hiring, job assignment, job transfer, training, promotion, or termination, which she may have filed or caused to be filed * * * prior to the execution of this Settlement Agreement and General Release.

> \*       \*       \*       \*       \*       \*       \*

---

[3]    Before petitioner filed the Final Claim Form, on or around Jan. 13, 1988, a Consent Decree Regarding Monetary Relief, Instatement Relief, and Notice (consent decree) was filed in the class action suit in which the parties to the class action suit, inter alia, reached an agreement as to the remedy phase of the litigation.  Section A of exhibit 9 to the consent decree provides, at par. IV.E.2.c., that "Negotiated Settlements are not governed by the calculation rules for any of the types of damages available under this [Consent] Decree."  Petitioner alleges that she had never seen the consent decree until she received a copy from respondent.

3.   * * * [Petitioner] hereby agrees and promises * * * (3) that by entering into this Settlement Agreement and General Release, she is waiving any and all rights she may have under the terms of the Consent Decree Regarding Monetary Relief, Instatement Relief and Notice in this action ("Consent Decree"), respecting instatement or rights to any other future class relief.

*     *     *     *     *     *     *

7.   It is understood and agreed that this compromise settlement includes the compromise settlement of any and all legal, evidentiary, discovery, and production issues regarding Claim No. 162.  * * * [Petitioner] further agrees and understands that * * * [petitioner] will not bring any motions, either individually or as part of the class, relative to such Claim No. 162 issues.

On November 27, 1991, pursuant to the terms of the settlement, State Farm issued petitioner and her attorneys a check in the amount of $75,000 (State Farm payment).

On their 1991 joint Federal income tax return, petitioners reported the State Farm payment as gross receipts in the amount of $75,000 on their Schedule C.  Petitioners, however, also reported $75,000 as a Schedule C expense, claiming that the amount was derived from a personal injury claim and, therefore, was excludable from gross income pursuant to section 104(a)(2). Respondent determined that the entire State Farm payment should have been included in petitioners' gross income.

OPINION

Except as otherwise provided, gross income includes income from all sources.  Sec. 61; Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955).  Although section 61(a) is to be broadly construed, statutory exclusions from income must be narrowly

construed.  <u>Commissioner v. Schleier</u>, 515 U.S. \_\_\_, \_\_\_, 115 S. Ct. 2159, 2163 (1995).

Pursuant to section 104(a)(2), gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness".  The regulations provide that "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs.  Accordingly, to exclude damages from gross income pursuant to section 104(a)(2), the taxpayer must establish that:  (1) The underlying cause of action is based upon tort or tort type rights, and (2) the damages were received on account of personal injuries or sickness. <u>Commissioner v. Schleier</u>, 515 U.S. at \_\_\_, 115 S. Ct. at 2167.

Turning to the first requirement of <u>Commissioner v. Schleier</u>, <u>supra</u>, we examine whether petitioner's claim was "based upon tort or tort type rights".  Citing <u>United States v. Burke</u>, 504 U.S. 229, 237 (1992), respondent argues that petitioner's claim, which arose under title VII, was not based upon tort or tort type rights.  Petitioners, however, argue that petitioner's claim was based upon tort or tort type rights because, as petitioner was never an employee or trainee of State Farm, the State Farm payment could therefore only represent tort or tort

type damages.  Alternatively, petitioners argue that petitioner's claim was based upon tort or tort type rights because there is no evidence in the settlement agreement that State Farm intended to award backpay or any other pay.  Additionally, petitioners argue that, as section A of exhibit 9 to the consent decree recognizes damages other than title VII damages, petitioner's claim was based upon tort or tort type rights.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable from gross income pursuant to section 104(a)(2).  United States v. Burke, supra at 237.  The critical question is "in lieu of what were damages awarded" or paid.  Bagley v. Commissioner, 105 T.C. 396, 406 (1995); Bent v. Commissioner, 87 T.C. 236, 244 (1986), affd. 835 F.2d 67 (3d Cir. 1987).  Determination of the nature of the claim is a factual inquiry.  Robinson v. Commissioner, 102 T.C. 116, 127 (1994), affd. in part, revd. in part and remanded 70 F.3d 34 (5th Cir. 1995).

Petitioners' first argument is that the State Farm payment could only represent tort or tort type damages because petitioner was never an employee or trainee of State Farm.  We disagree. The District Court found State Farm liable with respect to "all female applicants and deterred applicants who, at any time since July 5, 1974, have been, are, or will be denied recruitment, selection and/or hire as trainee agents by defendant companies

within the State of California."  Significantly, the court did not limit relief to employees of State Farm.  The court found State Farm liable under title VII to women who were "denied recruitment, selection and/or hire as trainee agents".

Petitioners' alternative argument is that, because there is no evidence in the settlement agreement that State Farm intended to award backpay or any other pay, petitioner's claim was based upon tort or tort type rights.  Although the settlement agreement does not contain a specific reference to title VII, the surrounding circumstances convince us that, pursuant to the settlement agreement, the State Farm payment was made to settle a claim under title VII.  Petitioner was a claimant in a class action suit that alleged discrimination under title VII and sought backpay and injunctive and declaratory relief.  The District Court ruled that State Farm was liable under title VII to all members of the class who had been discriminated against and ordered individual hearings.

Although petitioner did not have a hearing to determine whether she was entitled to damages, petitioner and State Farm entered into a settlement agreement pursuant to which State Farm paid $75,000 to petitioner for petitioner's release of a claim "arising out of or relating to any alleged discriminatory, improper, or unlawful act or omission of State Farm in connection with * * * recruitment, selection, hiring, job assignment, job transfer, training, promotion, or termination".  Additionally,

the settlement agreement expressly stated that it includes "the compromise settlement of any and all legal, evidentiary, discovery, and production issues regarding Claim No. 162."[4] Accordingly, we conclude that the settlement agreement represented a compromise and settlement of petitioner's rights pursuant to her claim against State Farm alleging discrimination under title VII.[5]

Petitioners finally argue that, because section A of exhibit 9 to the consent decree recognizes damages other than title VII damages, petitioner's claim was based upon tort or tort type rights. We, however, conclude that petitioners have failed to establish that the State Farm payment was attributable to a claim based upon tort or tort type rights under laws other than title VII. Consequently, petitioners have failed to prove that any part of the State Farm payment is excludable from gross income. Accordingly, based upon the record in the instant case, we conclude that, pursuant to the settlement agreement, the State Farm payment was intended to settle petitioner's claim against State Farm under title VII.

---

[4]    Claim No. 162 was the identification of petitioner's claim against State Farm in the class action suit.

[5]    As petitioner's claim arose during 1975 and the class action suit was filed during 1979, the amendments to title VII made by sec. 102 of the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1072-1074, do not apply. Landgraf v. USI Film Prods., 511 U.S. 244 (1994).

We have considered all of petitioners' remaining arguments and find them to be without merit.[6]

As we have concluded that petitioner's claim was not based upon tort or tort type rights, we need not address the second requirement of Commissioner v. Schleier, supra, regarding the nature of damages. Accordingly, we conclude that petitioners are not entitled to exclude from gross income any part of the State Farm payment pursuant to section 104(a)(2).[7]

To reflect the foregoing,

Decision will be entered under Rule 155.

---

[6] Petitioners argue, inter alia, that, pursuant to sec. 3509, respondent should look to State Farm for the tax liability on the State Farm payment. Petitioner, however, has never been an employee or trainee of State Farm. Accordingly, as to petitioner, State Farm has no duty to withhold taxes pursuant to sec. 3509.

[7] Our opinion herein is consistent with prior decisions of this Court, which similarly held that settlement proceeds received pursuant to the Kraszewski litigation were not excludable from gross income under sec. 104(a)(2). See Clark v. Commissioner, T.C. Memo. 1997-156; Martinez v. Commissioner, T.C. Memo. 1997-126; Fredrickson v. Commissioner, T.C. Memo. 1997-125.