T.C. Memo. 2001-1


UNITED STATES TAX COURT


FRANCIS LAWRENCE AND KATHRYN TENOPIR REMKIEWICZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2585-99.                    Filed January 3, 2001.


Francis L. Remkiewicz, pro se.

Andrew R. Moore, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined a $10,286 deficiency in petitioners' 1996 Federal income tax.  After concessions, the issue that remains for our consideration is whether petitioners are entitled to deduct any portion of attorney's fees incurred in connection with the termination of employment and the pursuit of a civil rights action.

FINDINGS OF FACT

Petitioners resided in Oakdale, California, at the time their petition was filed in this case. Francis L. Remkiewicz (petitioner), during August 1993, was employed by the Board of the Lynwood School District as an assistant superintendent for business services. Petitioner, who is Caucasian, was supervised by an African American; the senior management staff was composed exclusively of African Americans; and the school district board was composed of a majority of African Americans. Petitioner believed that he was being discriminated against, and he was concerned that his employment could be terminated. Although he believed himself to be qualified, he was given substandard ratings, bypassed in his line of authority or command, and his responsibilities were relegated to African American employees who were subordinate to petitioner.

During April 1994, petitioner made a complaint about the perceived discrimination to the U.S. Equal Employment Opportunity Commission, which in turn referred the matter to the California Department of Fair Employment and Housing, which in turn notified petitioner's school board. The school board notified petitioner that they did not intend to reemploy him at the end of his 1-year term and offered him an opportunity to address the board during April 1994. Petitioner expected to be terminated from his current position but hired an attorney for the purpose of

protecting his employment reputation and to make sure that the termination of his employment did not jeopardize his potential for future employment. The attorney attended the school board meeting at which petitioner's performance, evaluation, and the intent not to reemploy him were the subject matter. In particular, petitioner sought to have the attorney attempt to limit any damaging information that might be available in connection with his past employment with the Lynwood School District.

After representing petitioner at the board meeting, petitioner's attorney explained that the most effective approach for reaching their objectives would be to bring a discrimination action under title VII of the Civil Rights Act of 1964, 42 U.S.C. secs. 2000a to 2000b-2.[1] Petitioner's complaint was filed on October 12, 1995, in the United States District Court, Central District of California alleging racial discrimination against him by the Lynwood School District and its trustees. Petitioner obtained a position at the Oakdale School District where the superintendent knew of his termination from the prior school district. It was understood that the continuation of petitioner's position with the Oakdale District depended on his success in the final resolution of petitioner's litigation

---

[1] As amended in 1991, see United States v. Burke, 504 U.S. 229, 241 n.12 (1992).

against the Lynwood School District. The cause of action was based solely on the Civil Rights Act of 1964, 42 U.S.C. secs. 2000a to 2000b-2. Petitioner alleged discrimination in placing him on administrative leave and not reviewing his employment agreement, and he sought damages for emotional distress, backpay, punitive damages, attorney's fees, and the cost of his suit.

During 1996, the parties to the above-referenced litigation entered into a settlement agreement under which petitioner received damages of $140,000 solely for emotional distress. Also during 1996, petitioner paid legal fees and costs, in the total amount of $55,127.03, for the legal representation concerning the termination of his employment with the Lynwood District and the Civil Rights Act litigation and its settlement. On their U.S. Individual Income Tax Return (Form 1040) for 1996, petitioners claimed, on Schedule A, Itemized Deductions, the $55,127.03 for legal fees and costs, and respondent disallowed the claim. Of the $55,127.03 in legal fees, $10,000 is attributable to the attorney's efforts before the school board and to protect petitioner's potential for future compensation as an employee.

OPINION

Respondent agrees that petitioner's $140,000 settlement recovery is exempt from tax under section 104(a)(2).[2] The

_____

[2] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the
(continued...)

controversy here is whether petitioners are entitled to deduct[3] any part of the legal fees and costs incurred in his legal representation before the school board and the subsequent civil rights legal action. See, e.g., <u>Rutt-Hahn v. Commissioner</u>, T.C. Memo. 1996-536. Respondent, however, relies on section 265 to support his determination that these otherwise allowable deductions may not be deducted if allocable or attributable to excludable income.

Section 265, in pertinent part, provides:

SEC. 265(a) General Rule.--No deduction shall be allowed for--

(1) Expenses.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income * * * wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for the production of income)* * * .

See also <u>Bent v. Commissioner</u>, 87 T.C. 236, 251 (1986) (and cases cited therein), affd. 835 F.2d 67 (3d Cir. 1987).

Petitioners argue that the legal fees and costs were not attributable to the receipt of income that is exempted by section 104. Petitioner contends that his purpose in hiring the attorney

---

[2](...continued)
Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3] Petitioners sought the deduction on Schedule A, Itemized Deductions, and, accordingly, there is no dispute as to whether their deduction is subject to the limitations connected with such deductions.

was to protect his ability to earn income.  Accordingly, we must consider whether the legal fees are attributable to petitioner's employment status and not to the tax-exempt income.

Section 1.265-1(b), Income Tax Regs., deals with the definition of the terms "exempt" and "nonexempt" income for purposes of section 265.  Section 1.265-1(b)(1), Income Tax Regs., in pertinent part, states that a "'class of exempt income' means any class of income (whether or not any amount of income of such class is received or accrued) wholly exempt from the taxes imposed by subtitle A of the Code."  Section 1.265-1(b)(2), Income Tax Regs., defines "nonexempt income" as "any income which is required to be included in gross income."  There is no question that petitioner's lawsuit recovery was exempt income. Likewise, petitioner's current and possibly his future compensation from employment would meet the definition for nonexempt income set forth in the regulation.  In that regard, in addition to the $140,000 recovery, petitioner's attorney's efforts permitted him to continue earning employee compensation, both during the year under consideration and for future years.[4]

Section 1.265-1(c), Income Tax Regs., provides for allocation of expenses between exempt and nonexempt sources of income, as follows:

---

[4] For the taxable year under consideration (1996), petitioner reported almost $69,000 in wages from employment in the Oakdale School District.

> Expenses and amounts otherwise allowable which are directly allocable to any class or classes of exempt income shall be allocated thereto; and expenses and amounts directly allocable to any class or classes of nonexempt income shall be allocated thereto. If an expense or amount otherwise allowable is indirectly allocable to both a class of nonexempt income and a class of exempt income, a reasonable proportion thereof determined in light of all the facts and circumstances in each case shall be allocated to each.

Initially, petitioner hired the lawyer to protect his current employment and ensure his future employment and his ability to earn a living. To the extent that the lawyer's services dealt with those aspects, the regulation permits allocation to nonexempt income. In that regard, to the extent that any portion of the legal fee was attributable to the protection of petitioner's employment status, it may be deductible under section 162.

The $140,000 of exempt income was attributable to the lawyer's efforts. We have also found that $10,000 of the $55,127.03 in legal fees was attributable to the lawyer's representation of petitioner before the school board and his efforts to protect petitioner's current and potential for future employment. Accordingly, respondent's determination is sustained with respect to $45,127.03 of the claimed legal fees, and petitioners are entitled to a deduction of $10,000.

To reflect the foregoing,

Decision will be entered

under Rule 155.