T.C. Summary Opinion 2005-17


UNITED STATES TAX COURT


ASHIT VALIA AND SMITA VALIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6756-03S.                    Filed February 16, 2005.


Ashit Valia and Smita Valia, pro se.

<u>Hieu C. Nguyen</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $25,276 in petitioners' Federal income tax for the 2001 taxable year.  The issue for decision is whether petitioners are entitled to exclude $62,500 of settlement proceeds, including $25,000 of attorney's fees from their gross income for the 2001 taxable year.[1]

Background

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time of their petition, petitioners resided in California.

Petitioner Smita Valia (petitioner) was an employee of Smith Barney, Inc. (Smith Barney) in its Southfield, Michigan, office until her resignation in September 1993.  In a letter dated November 18, 1999, Stowell & Friedman, Ltd., a law firm in Chicago, Illinois, informed petitioner that she was a member of a class to whom Smith Barney would make a settlement offer in Martens v. Smith Barney, Inc., 181 F.R.D. 243 (S.D.N.Y. 1998).

On February 5, 2001, petitioner entered into a "Release of Claims" (release), which provided in relevant part:

> 1.  Smita Valia ("Claimant"), in consideration of a payment of $100,000.00 payable as follows:  1) the payment of $37,500.00 to Claimant (less applicable payroll withholding taxes); 2) the payment to Claimant

---

[1]  The parties stipulated that, if the attorney's fees are includable in income, then petitioners are entitled to deduct the amount of such attorney's fees as an itemized deduction for the 2001 taxable year.

of $37,500.00 (for which an IRS "Form 1099" will be issued); and, 3) the payment of attorneys' fees and costs in the amount of $25,000.00 to Stowell & Friedman (for which an IRS "Form 1099" will be issued to both Claimant and Stowell & Friedman), hereby releases and forever discharges Salomon Smith Barney Inc. ("Smith Barney"), TravelersGroup, Inc., and Citigroup Inc., and each of their past, current and future parents, subsidiaries and affiliated companies and each of their past, current and future officers, directors, and employees, from any and all claims and demands whatsoever, known or unknown, in law or equity, by contract, tort or pursuant to statute, regulation or ordinance, which she now has or ever had or may have from the beginning of time until the date she executes this Release, including, but without limitation, any claims raised in the Dispute Resolution Process ("DRP") provided for in the settlement of the above-captioned lawsuit, and expressly including any and all claims and demands regarding, arising out of, or relating to Claimant's employment with Smith Barney and, if applicable, the termination thereof.

2.    This Release includes claims and demands regarding, arising out of, or relating to any form of employment discrimination, including, but not limited to, sex or gender discrimination, sexual harassment, sexual preference discrimination, race, national origin, or religious discrimination, age or disability discrimination and any and all other forms of employment discrimination prohibited by the 1866 Civil Rights Act, 42 U.S.C. §1981 [sic], Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. sec., [sic] the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, 29 U.S.C. §621 [sic], the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, or any other Federal, state or local statute, regulation or ordinance prohibiting employment discrimination.

Petitioner was a resident of California when she executed the release. Petitioners' legal fees were based on a contingency-fee agreement with their attorney.

Of the $100,000 settlement proceeds, Smith Barney sent Stowell & Friedman, Ltd. a check in the amount of $25,000, which was characterized as payment of attorney's fees and costs. Smith Barney also sent, and petitioners received, $60,056.25 of the remaining settlement proceeds.[2] Consistent with the release, Smith Barney issued petitioners a Form W-2, Wage and Tax Statement, for $37,500 and a Form 1099-MISC, Miscellaneous Income, for $62,500.

Petitioners reported $37,500 of the settlement proceeds on their 2001 tax return, an amount corresponding with that reported on the Form W-2. Petitioners did not report any of the remaining $62,500 in settlement proceeds. Petitioners contend that they are entitled to exclude the $62,500 reported on the Form 1099-MISC from their gross income for the 2001 taxable year because such amount was for sickness and injuries suffered by petitioner from exposure to second-hand cigarette smoke at Smith Barney.

Discussion

Neither of the parties has addressed the applicability of section 7491(a) regarding the burden of proof. Petitioners have not established that they satisfied the requirements of section 7491(a); thus the burden of proof remains with petitioners.

---

[2] Of the remaining $75,000 not sent to petitioners' attorney, $37,500 was treated as wages subject to withholding taxes for Michigan State income tax of $1,575, Federal income tax $10,500, Social Security tax of $2,325, and Medicare tax of $543.75.

The release indicates that the unreported settlement proceeds of $62,500 consisted of two components:  (1) $37,500 "for which an IRS 'Form 1099' will be issued" and (2) $25,000 for attorney's fees and costs.  Language in a settlement agreement can offer some probative evidence on how a settlement payment should properly be characterized for purposes of section 104(a)(2).  See, e.g., Bent v. Commissioner, 87 T.C. 236, 246 (1986), affd. 835 F.2d 67 (3d Cir. 1987).  That characterization is important in deciding whether the payment may be excluded from a taxpayer's gross income.

In general, a taxpayer's gross income broadly encompasses all income from whatever source derived.  Sec. 61(a).  It does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  Sec. 104(a)(2).  As such, settlement proceeds on account of nonphysical injuries, such as gender discrimination, may not be excluded under section 104(a)(2).

The underlying litigation upon which the parties rely was reported as Martens v. Smith Barney, Inc., supra.  The complaint in that case raised allegations of gender discrimination.  See id. at 250.  There was no claim of personal physical injury or sickness.  Similarly, the release focuses on claims and demands

regarding gender discrimination and not upon a claim of personal physical injury or sickness. Consequently, petitioners cannot avail themselves of section 104(a)(2) to exclude $37,500 of the unreported settlement proceeds.

Petitioners nevertheless claim that the settlement proceeds relate to injuries suffered by petitioner from exposure to second-hand cigarette smoke at Smith Barney. Petitioners claim that the release did not cover such injuries because Smith Barney "wanted to protect [itself]". Petitioners have not offered, nor can they point to, any evidence in the record that supports such characterization of the settlement payment.[3]

The remaining $25,000 not reported by petitioners is characterized as attorney's fees and costs. To the extent there was previously any doubt as to the includability in income of attorney's fees received as part of a contingent-fee agreement, the U.S. Supreme Court recently resolved the question. In Commissioner v. Banks, 543 U.S. __, 125 S. Ct. 826 (2005), the Supreme Court held that in general when a plaintiff's recovery of a money judgment or settlement constitutes income, the portion of a money judgment or settlement paid to the plaintiff's attorney under a contingent-fee agreement is income to the plaintiff under the Internal Revenue Code. Accordingly, the $25,000 attorney's

---

[3] It is somewhat illogical to suggest that the release would not include all claims made by petitioner.

fees are includable as income to petitioners, and as a result of the parties stipulation, is also deductible as an itemized deduction.[4]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and the parties' stipulation regarding the deductibility of attorney's fees,

Decision will be entered

under Rule 155.

---

[4] The Supreme Court in Commissioner v. Banks, 543 U.S. __, 125 S. Ct. 826 (2005), noted that the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 703, 118 Stat. 1546, amending the I.R.C. by adding sec. 62(a)(19) was not effective at the time of the transaction. Since the Act is not retroactive, the Supreme Court did not consider it. Likewise, we need not consider whether it might apply to the facts of this case.