T.C. Memo. 2003-64

UNITED STATES TAX COURT

ED AND PATRICIA A. MONTGOMERY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1816-00.          Filed March 5, 2003.

<u>David H. McQuaig</u>, for petitioner.

<u>Felicia L. Branch</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes of $2,975 and $3,537, and accuracy-related penalties of $595 and $707.40, for the taxable years 1996 and 1997.  By amended answer, respondent pled increased deficiencies and penalties for each year in issue, for deficiencies totaling $5,355 and $6,351, and penalties

totaling $1,071 and $1,270, in the respective years.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are, with respect to each year in issue:  (1) Whether certain damages received by petitioners from a lawsuit are fully includable in gross income; (2) whether Southern Financial Investment Services, Inc., an S corporation wholly owned by petitioner husband, operated a trade or business within the meaning of section 162 or conducted an activity not engaged in for profit within the meaning of section 183; and (3) whether petitioners are liable for the accuracy-related penalties under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Jacksonville, Florida, on the date the petition was filed in this case.

Lawsuit Proceeds

Background

In 1987, petitioner husband (petitioner) filed suit in the United States District Court, Eastern District of Texas, against his former employer, Leveretts Chapel Independent School District (the district), and the individual school board members (the

defendants).  Petitioner and the district had an employment contract under which petitioner was employed as superintendent of the district.  After his employment was terminated prematurely under the contract, petitioner filed a complaint setting forth three causes of action, alleging (1) the defendants deprived petitioner of his property interest in a written employment contract without due process in violation of the Fourteenth Amendment to the United States Constitution; (2) the defendants conspired to deprive petitioner of his federally protected right to due process in violation of 42 U.S.C. secs. 1983, 1985, and 1986; and (3) the defendants breached petitioner's employment contract, causing a loss of salary and various benefits.  The complaint prayed for (1) lost wages, benefits, and compensatory damages of $250,000; (2) punitive damages of $500,000; and (3) costs and attorney's fees.  The complaint alleged that petitioner's contract had been breached, and his rights violated, after a meeting of the school board on or about January 13, 1986. Petitioner claimed that he had sustained a loss of salary and benefits "in excess of $40,000 per year", a loss of participation in a retirement system, and a loss of living quarters.  He also claimed that the breach of the contract resulted in a loss of continued employment beyond the term of the contract, causing losses of future wages in the amount of $150,000.  A copy of the contract attached to the complaint stated that the contract's

term was from July 1, 1985, through June 30, 1988, and that petitioner's annual salary was set at $37,000. The contract also stated that petitioner was to receive certain other benefits, including furnished housing.

The final judgment in petitioner's lawsuit was filed on July 20, 1989. Petitioner received damages of $185,000, which had been reduced by order of remittitur from a jury award of $450,000, and costs and attorney's fees of $15,556.70. Petitioner was also awarded interest on these amounts. On July 20, 1992, an order of execution of writ of mandamus was filed in the district court compelling satisfaction of the "civil rights judgment" filed 3 years earlier. This order further provided that, if necessary, the school district was to levy additional taxes to satisfy the judgment; the court cited case law that such measures were appropriate where needed "to vindicate constitutional guarantees". In each of 1996 and 1997, petitioners received a $30,000 payment towards the satisfaction of this judgment. In 1996, the payment consisted of $21,489 in interest and $8,511 in principal. In 1997, the payment consisted of $19,966 in interest and $10,034 in principal.

Petitioners filed joint Federal income tax returns for 1996 and 1997. Petitioners reported as income on these returns the portions of the yearly $30,000 payments representing interest income, but they did not report the remaining portions of the

payments. Respondent did not make an adjustment in the statutory notice of deficiency with respect to this issue. By amended answer, respondent asserts that petitioners must include in gross income the principal portions of the payments, $8,511 in 1996 and $10,034 in 1997.

Discussion

Gross income generally includes income from whatever source derived, unless excluded by statute. Sec. 61(a). The exclusion upon which petitioners rely in this case is that of section 104(a)(2), which excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness."[1] The Supreme Court, in Commissioner v. Schleier, 515 U.S. 323 (1995), summarized the requirements of section 104(a)(2) as follows:

> In sum, the plain language of § 104(a)(2), the text of the applicable regulation, and our decision in Burke establish two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2). First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness." * * *

---

[1]Sec. 104(a)(2) was amended by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1755, 1838. We apply the statute as it was in effect prior to amendment because the payments in this case were received pursuant to a court decree issued before September 13, 1995. Id. sec. 1605(d)(2), 110 Stat. 1838.

Id. at 336-337.  Amounts received as punitive damages are not received "on account of personal injuries or sickness" and thus are not excludable from gross income under section 104(a)(2).  O'Gilvie v. United States, 519 U.S. 79, 101 (1996).

Prior to the Supreme Court's decision in Schleier, this Court had held that damages received under a 42 U.S.C. sec. 1983 (hereinafter referred to as sec. 1983) claim are excludable from income under section 104(a)(2).  Bent v. Commissioner, 87 T.C. 236 (1986), affd. 835 F.2d 67 (3d Cir. 1987).  See also Metzger v. Commissioner, 88 T.C. 834 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988).  In Bent, the taxpayer was a high school teacher who had brought suit after the school board had declined to rehire him.  He sued the school board for breach of contract and various sec. 1983 claims.  After a court had rejected all of the taxpayer's claims except a sec. 1983 claim based on a violation of the First Amendment right to free speech, the taxpayer settled the case.  This Court held that the settlement payment received by the taxpayer was excludable from income under section 104(a)(2).  In so holding, the Court found that, under the circumstances of the case, the taxpayer's recovery of lost wages was an element of the compensatory damages available under sec. 1983 and was not an independent basis for recovery.  The Third Circuit affirmed, expressing agreement with our reasoning and conclusions.

Respondent attempts to distinguish Bent from the present case, arguing in part that Schleier stands for the proposition that damages received for economic injury do not qualify for the section 104(a)(2) exclusion, and that this Court's holding in Bent that lost wages may be a measure of personal injury "has clearly lost its vitality" following Schleier. We agree with respondent insofar as damages received on account of economic injury are not excludable under section 104(a)(2) pursuant to Schleier. Quantum Company Trust v. Commissioner, T.C. Memo. 2000-149.

Respondent bears the burden of proof with respect to this issue because it was raised by respondent for the first time in his answer. Rule 142(a).

In the case at hand, neither party has attempted to break down the $185,000 in damages into portions attributable to the various categories of damages sought by petitioner in his lawsuit. We therefore examine each category of damages sought therein.

First, petitioner sought punitive damages of $500,000. Any portion of the amounts awarded to petitioner which represent punitive damages is not excludable from income under section 104(a)(2). O'Gilvie v. United States, supra.

Second, petitioner sought compensatory damages of $250,000. We are convinced that these damages sought by petitioner were for

economic injury, not personal injury. The complaint alleged lost wages and benefits "in excess of $40,000 per year". Because the contract was breached with approximately 2-1/2 years remaining (from January 1986 through June 1988), this would result in approximately $100,000 of lost wages and benefits. The complaint further alleged lost future wages of $150,000. Because the total amount of compensatory damages sought by petitioner was $250,000, we find that the entire amount was sought as a result of the economic injury suffered by petitioner. Thus, regardless of whether certain civil rights damages may be excluded from income under other circumstances, they may not in this case because the damages awarded to petitioner were not awarded on account of personal injury or sickness. Commissioner v. Schleier, supra. Rather, they were to make petitioner whole economically as a result of his lost employment. Any portion of the amounts awarded to petitioner which represent the requested compensatory damages is not excludable from income under section 104(a)(2). Id.; Quantum Company Trust v. Commissioner, supra.

S Corporation Loss

Background

During the years in issue, petitioner taught at Florida Community College at Jacksonville and held several other part-time positions. Petitioner wife was employed by the Duval County School Board. On their joint Federal income tax returns, they

reported combined taxable wage income of $43,251 in 1996 and $52,187 in 1997. In addition, petitioners received $30,000 of income in each year representing the payments resulting from the lawsuit discussed above.

During the years in issue, petitioner was the sole shareholder of an S corporation named Southern Financial Investment Services, Inc. (SFIS). SFIS was incorporated in January 1990, and elected Subchapter S status in 1996. From its incorporation until the time of trial, SFIS had never generated positive net income. The following represents the "receipts" and "deductions" of SFIS in each of the years for which the amounts appear in the record:

|  | 1991 | 1993 | 1994 | 1995 | 1996 | 1997 |
|---|---|---|---|---|---|---|
| Receipts | $-0- | $-0- | $49,705 | $3,829 | $335 | $292 |
| Deductions | -0- | -0- | (79,611) | (54,445) | (15,308) | (15,163) |
| Net loss | -0- | -0- | (29,906) | (50,616) | (14,973) | (14,871) |

In the years in issue, SFIS reported the following on its corporate Federal income tax returns:

|  | 1996 | 1997 |
|---|---|---|
| Gross receipts | $335 | $292 |
| Cost of goods sold | -0- | (4,947) |
| Rents | -0- | (1,200) |
| Taxes and licenses | (2,551) | (1,193) |
| Interest | (2,592) | (23) |
| Depreciation | (289) | (289) |
| Advertising | (372) | (114) |
| Legal/professional | (2,577) | (2,577) |
| Other expenses | (6,927) | (4,820) |
| Ordinary loss | (14,973) | (14,871) |

In each year, petitioners claimed a deduction for the entire loss on their individual income tax return as petitioner's 100 percent

share of SFIS's loss.  In the statutory notice of deficiency, respondent disallowed the deductions in full.  Respondent determined that, because the activities of SFIS were not operated with a profit motive during the years in issue, the allowable deductions for expenses related thereto are limited to the amount of SFIS's income in each year.

Discussion

Under section 162(a), a taxpayer may deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on its trade or business.  A taxpayer is engaged in a trade or business if the taxpayer is involved in the activity with continuity and regularity and with the primary purpose of making a profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

If an activity of a taxpayer is not conducted for profit, section 183(a) disallows all deductions related thereto, except as provided by section 183(b).  An activity is not conducted for profit if it is one with respect to which deductions are not allowable under section 162 or section 212(1) or (2).[2]  Sec. 183(c).  If an activity of a taxpayer is not for profit, section 183(b) allows the taxpayer to deduct (1) expenses which otherwise would have been allowable without regard to profit motive, and

_____

[2]Sec. 212 applies only to individuals and is therefore inapplicable to SFIS.

(2) certain additional expenses to the extent of the gross income derived from the activity, less those deductions of the first type.

A taxpayer must have an actual and honest profit objective in order for an activity to be one which is for profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); Dreicer v. Commissioner, 78 T.C. 642, 644 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. This determination is made at the corporate level with respect to the activities of an S corporation. Baldwin v. Commissioner, T.C. Memo. 2002-162; sec. 1.183-1(f), Income Tax Regs. However, we look to the intent of an S corporation's sole shareholder in deciding whether the corporation had the requisite profit objective. Baldwin v. Commissioner, supra. In determining whether the requisite intention to make a profit exists, greater weight is given to objective facts than to the taxpayer's self-serving characterization of his intent. Id.; Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The regulations set forth a nonexclusive list of factors to be considered in determining whether the taxpayer has the requisite profit objective: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that

the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation.  Section 1.183-2(b), Income Tax Regs.

Petitioners bear the burden of proving that respondent's determinations in the notice of deficiency are in error.  Rule 142(a).[3]

The parties' stipulation states that SFIS and petitioner were engaged in "multi-level marketing type activities" with respect to the products of several companies, and that the 1996 and 1997 gross receipts were from commissions and the sale of products.  However, petitioners have provided no reliable evidence that any such activities conducted by SFIS or petitioner had the requisite profit objective.  The tax returns filed by SFIS are merely uncorroborated assertions, not evidence of any activity.  Apart from the generic description in the parties' stipulation, the only evidence in the record concerning the purported activities is petitioner's cursory testimony, which we

---

[3]Sec. 7491(a) does not shift the burden of proof to respondent in this case because petitioners have provided no credible evidence with respect to the activities of SFIS.  Sec. 7491(a)(1).

do not find to be reliable.[4]  Petitioners did not produce a single item of corroborating evidence, such as a ledger, time log, bank account record, receipt, or invoice.

Petitioners have not shown that petitioner and SFIS were involved in any activity with continuity and regularity, and they have not shown that any of the objective factors enumerated above demonstrate an intent to profit.  We therefore find that SFIS was not engaged in a trade or business and is not entitled to any business expense deductions.  Sec. 162(a); Commissioner v. Groetzinger, supra.  With no underlying trade or business, SFIS is limited to the deductions allowed by respondent pursuant to section 183(b).  Sec. 183(a), (c).

Negligence

In the notice of deficiency, respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) of $595 in 1996 and $704.40 in 1997.  This determination is based upon the adjustments made with respect to the disallowed SFIS losses.  By amended answer, respondent seeks to increase the penalties to $1,071 in 1996 and $1,270 in 1997.  This increase is based upon the unreported income from the litigation proceeds.

---

[4]Petitioner testified that SFIS has been engaged in a variety of activities, including real estate and sales of pre-paid calling cards, gold coins, "a vitamin-type product that kind of replaces Viagra", and a "program for debt freedom".

Although respondent bears the burden of production with respect to the determination of negligence in the notice of deficiency, petitioners ultimately bear the burden of proof. Sec. 7491(c); Rule 142(a).  Respondent bears the burden of proof with respect to the increase in the penalties.  Sec. 7491(c).

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

There is no evidence in the record relevant to ascertaining petitioners' liability for the accuracy-related penalties with respect to the unreported lawsuit proceeds:  Their authority or rationale for reporting only a portion of the $30,000 payments received from the lawsuit is unknown.  The fact that petitioners reported the bulk of the payments--the portions representing interest--indicates they may have been advised to exclude the amounts representing principal on the authority of Bent v. Commissioner, 87 T.C. 236 (1986), affd. 835 F.2d 67 (3d Cir. 1987).  Regardless, because the record is devoid of any facts concerning this issue, and because respondent bears the burden of proof, we hold that petitioners are not liable for the increased penalties sought by respondent in his amended answer.

Petitioners, however, failed to show that SFIS was engaged in a business, they did not produce books and records for SFIS, they did not provide substantiation for any of the individual expenses shown on the tax return of SFIS, and they did not show any effort to assess their proper tax liability with respect to the losses from SFIS claimed on their individual returns for the years in issue.  We find petitioners to be negligent, and we sustain respondent's determination that petitioners are liable for the accuracy-related penalties, with respect to the claimed deductions for losses from SFIS.

To reflect the foregoing,

$$\text{\underline{Decision will be entered}}$$

$$\text{\underline{for respondent}}.[5]$$

---

[5]Decision will be entered for respondent for (1) the deficiencies in the increased amounts pled by respondent in his amended answer, and (2) the penalties in the amounts determined in the statutory notice of deficiency.